UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYROSH BROWN,

        Plaintiff,                              Case No. 1:12-cv-505

v.                                                  Hon. Robert J. Jonker

RAU'S PARTY STORE and
UNKNOWN PARTY,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915.  Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  Of course, even apart from § 1915 screening, the Court must not proceed with a case that is plainly not within its subject matter jurisdiction.

    I.        **Discussion**

The Court reviews a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) under the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, citing *Twombly*, 550 U.S. at 555. Moreover, a party seeking to invoke the jurisdiction of the Court has the burden of showing the case is actually within the subject matter of the Court.

The Court finds it must dismiss this complaint for lack of jurisdiction. The Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Here, however, even the most liberal reading of plaintiff's allegations cannot be construed as setting forth a cause of action within the jurisdiction of the Court. The complaint discloses an apparent dispute over a single penny between a customer (Plaintiff) and a party store (Defendant). The dispute escalated in Plaintiff's view to what may or may not have been a state law assault – justified or otherwise. There is no suggestion of a federal law basis for proceeding, or of diversity of citizenship, even assuming for purposes of argument that Plaintiff has managed to assert a state law claim (which appears doubtful).

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The vague, attenuated and unsubstantial allegations set forth in plaintiff's complaint, and the absence of any acceded basis for federal jurisdiction, are insufficient to establish subject matter jurisdiction in this Court. Accordingly,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED** for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). This matter is closed.

Dated: January 15, 2013        /s/ Robert J. Jonker
                    ROBERT J. JONKER
                    UNITED STATES DISTRICT JUDGE